## Ashworth v. Crescent Stave Company.

(Decided May 4, 1916.)

### Appeal from Harlan Circuit Court.

Vendor and Purchaser—Vendor's Lien—Assignment—Priority.— Plaintiff sold to the Whaley-Peed Lumber Company certain timber. In the deed, which was recorded, a lien was reserved to secure the deferred portion of the purchase price. Thereafter the lumber company sold to D. Beefs lumber of the value of

$502.42. After that the lumber company borrowed $700.00 from J. S. Ashworth and executed its note therefor, secured by an assignment of the Beets' contract. Plaintiff sued the lumber company for the deferred payments and attached the lumber sold to Beets. Beets, who had sold the lumber, wrote that he wanted to ship it and would pay the purchase price to the clerk of the court. To this plaintiff agreed and the lumber was shipped to Beets, who was subsequently summoned as garnishee. Beets answered and admitted an indebtedness of $502.42, which sum he was directed to pay into court: Held, under the particular circum-stances, that the plaintiff's lien was not lost by the fact that it permitted Beets to take the lumber, but followed the proceeds, of whose identity there is no question, and is, therefore, superior to Ashworth's assignment.

W. F. HALL for apppellant.

J. S. FORESTER and O. H. WADDLE & SON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On August 13th, 1913, the Crescent Stave Company, a partnership composed of J. S. Cooper and C. L. Tar-ter, sold and conveyed to the Whaley-Peed Lumber Company a certain quantity of timber and lumber on Poor Fork, in Harlan county together with its manu-facturing plant and certain rights incident thereto. The consideration was $11,000.00, of which $4,000.00 was paid in cash and notes executed for the balance. The conveyance was by deed, which was duly recorded. To secure the deferred payments a lien was retained on all of the property conveyed. The Whaley-Peed Lumber Company took possession of the property and pro-ceeded to manufacture the timber.

On February 17th, 1914, the Whaley-Peed Lumber Company, by written contract, sold to D. Beets a bill of lumber, manufactured from the timber, amounting to $502.42. On March 11th, 1914, the Whaley-Peed Lumber Company borrowed from J. S. Ashworth the sum of $700.00 and executed its note therefor. To secure this note it assigned to Ashworth the Beets contract and its claim for the money due thereunder.

The Whaley-Peed Lumber Company having de-faulted in the payment of the first lien note, the Crescent Stave Company brought suit on April 7th, 1914, to re-cover thereon. An attachment was sued out and levied

on the lumber sold to Beets. Beets wrote that he had sold the lumber and wanted to ship it, and would pay the purchase price to the clerk of the court. The Crescent Stave Company agreed to this and permitted the lumber to be shipped to Beets. At the same time Beets was summoned to answer as garnishee. Beets answered and admitted an indebtedness of $502.42, which sum he was directed to pay into court.

During the course of the proceeding Ashworth intervened and asserted a prior lien to the Beets fund by reason of his assignment. The trial court held that the vendor's lien of the Crescent Stave Company was superior to Ashworth's claim. Ashworth appeals.

In support if his contention that the trial court erred, counsel for Ashworth argues that the Crescent Stave Company had a lien on the lumber alone, and when it permitted Beets to take the lumber its lien ended. Thereupon the assignment to Ashworth became effective and took precedence over the subsequent attachment. It must be remembered, however, that the Crescent Stave Company retained a lien on all the property which it sold to the Whaley-Peed Lumber Company. The deed reserving the lien was duly recorded before the assignment to Ashworth and Ashworth had constructive notice of the lien. The lien covered the lumber sold to Beets. This lien could only be discharged by the payment of the purchase money to the Crescent Stave Company. Beets was permitted to take the lumber with the understanding that he would pay the purchase price into court. No question can arise as to the identity of the proceeds of the lumber. Beets admits that he has the proceeds in his hands and is ready to pay it into court. On the particular facts of this case we conclude that as between Ashworth and the Crescent Stave Company, the latter's lien was not lost by the fact that it permitted Beets to take the lumber, but followed the proceeds, of whose identity there is no question, and is, therefore, superior to Ashworth's assignment.

Judgment affirmed.